IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
October 12, 2022 Session

**MELVIN A. ODOM v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Williamson County**
**No. CR210394     Deanna B. Johnson, Judge**

_____

**No. M2022-00252-CCA-R3-PC**
_____

Petitioner, Melvin A. Odom, appeals the summary dismissal of his post-conviction petition as time-barred. On appeal, he contends that the correct date to determine the statute of limitations is the day the trial court filed an amended judgment on one of his convictions and by that date, his petition was timely filed. Alternatively, he contends that due process considerations warrant the tolling of the one-year statute of limitations and requests that the case be remanded for an evidentiary hearing to determine whether he is entitled to equitable tolling. Following our review of the entire record, oral arguments, and the parties' briefs, the dismissal is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

Vakessha Hood-Schneider, Franklin, Tennessee, for the appellant, Melvin A. Odom.

Herbert H. Slatery III, Attorney General and Reporter; Richard D. Douglas, Senior Assistant Attorney General; Kim Helper, District Attorney General; and Jessica N. Borne, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Petitioner was indicted on one count of rape, three counts of sexual battery, and two counts of assault. On March 9, 2018, Petitioner pled guilty to rape, a Class B felony, as charged in count one of the indictment. The agreed upon sentence was ten years as a Range I offender at 100 percent. He also pled guilty to sexual battery, a Class E felony, as charged in count two. The agreed upon sentence was a two-year Range I sentence at thirty percent.

Both sentences would be served concurrently with each other and with a sentence for sexual battery in Maury County. Petitioner would be subject to the sex offender registry and community supervision for life on count one. On count two, the plea petition notes "subject to the sex offender registry [and] community supervision for life pursuant to count [one]."

At the plea hearing, the State set out the factual basis for the pleas as follows:

[Petitioner] was a licensed massage therapist employed at the Hand and Stone, massage and facial massage business located at 4091 Mallory L[ane] Suite 124 located here in Williamson County[,] Tennessee. And he was employed there in March 2016. And on March 30th of 2016 with respect to Count one of the indictment, [Petitioner] . . . was giving a massage to the victim in this case, [N.S.] The massage was to be a regular 60[-]minute massage. During the massage, [Petitioner] put his hand through one of the leg holes of the victim in this case, [N.S]. . . and digitally penetrated her vagina. This was against [the victim]'s will and she at no point consented to that contact.

Furthermore, in Count 2 of the indictment, [Petitioner] was still there employed at the Hand and Stone Massage located in Williamson County[,] Tennessee when on – excuse me on March 24th, 2016, he again performed another massage on the victim in this case – in this Count which is [A.P.] And during the 90[-]minute massage, [Petitioner] moved the draping around [A.P.]'s private area and grazed her vagina and pubic hair with his hand during the massage which was against the consent and will of [A.P.]

Had the case proceeded to trial, the State indicated that it would have also submitted a series of text messages between Petitioner and Jerry Brown, an employee of the Tennessee Department of Health. Mr. Brown was investigating Petitioner's license while the criminal case was pending. In the text exchange with Mr. Brown, Petitioner admitted to using his right hand in sexually assaulting the victim in Franklin and his left hand in sexually assaulting a victim in an unrelated case in Columbia.

When questioned by the trial court, Petitioner acknowledged that he understood the terms of the plea agreement and averred that he was pleased with the resolution of his case:

The Court: Also in your particular case because of the charges to which you are pleading guilty and on which you will be found guilty, you will be subject to being – you will be required to register

- 2 -

on the Sex Offender Registry and Community Supervision for the rest of your life. Do you understand that?

(No response.)

The Court:   You will be on the Sex Offender Registry; meaning every time – there's a lot involved with[] it and I'm assuming your lawyer went through these documents with you about Sex Offender Registry. For example, every time you move you have to let the State know, and there are requirements you can't be in certain areas. Do you understand all of that?

Petitioner:   Yes, ma'am. You said them back to back, and then you said for life. And that's where it kind of threw me off.

The Court:   Community Supervision for Life.

Petitioner:   Okay.

The Court:   Do you understand all of that?

Petitioner:   I do, yes.

The Court:   Knowing all of that I have told you thus far, do you still want to plead guilty?

Petitioner:   Yes.

Next, the trial court questioned Petitioner on whether he had reviewed the plea paperwork including the documents on probation for sex offenders. Petitioner replied that he had reviewed all the documents with his attorney before signing them:

The Court:   You have submitted to the Court a Petition For Waiver of Trial By Jury and Request For Acceptance of Guilty Plea; as well as a Negotiated Plea Agreement; Specialized Probation Conditions For Sex Offenders; Sex Offenders Permission to use Internet; and the TBI Sex Offender Instructions Form. Did you read all of these documents before you sign[ed] them, Mr. Odom?

Petitioner:   Yes.

- 3 -

The Court: Did you understand these documents?

Petitioner: Yes.

The Court: Did you go over these documents with your attorney?

Petitioner: Yes.

The Court: Did your attorney answer for you any questions you may have had about these documents or about your plea in general?

Petitioner: Yes.

The Court: Do you feel like you know what you doing here today?

Petitioner: Yes, ma'am

Petitioner stated his intent to plead guilty to both counts and expressed no confusion in doing so:

The Court: All right. Did you also hear the plea agreement that she announced?

Petitioner: Yes.

The Court: Is that what you've agreed to?

Petitioner: Yes.

The Court: In Count 1 of the indictment to the charge of rape which is a class B felony; what is your plea[,] guilty or not guilty?

Petitioner: Guilty.

The Court: Based upon your plea of guilty and the facts stated to us by the District Attorney to which you have agreed; the Court finds you guilty and sentences you to 10 years in prison as a Range I offender, that will be at one hundred percent confinement.

- 4 -

> You shall be subject to the Sex Offender Registry and Community Supervision for Life. This charge will run concurrently with Count 2 of this indictment, as well as concurrently with your Maury County charge of sexual battery that you are currently serving.
>
> To Count 2 of the indictment charging you to sexual battery, what is your plea[,] guilty or not guilty?

Petitioner:    I'm guilty.

The Court:    Based upon your plea of guilty and, the facts stated to us by the District Attorney to which you have agreed, the Court finds you guilty and sentences you to two years in prison at thirty percent. Again you will be subject to the Sex Offender Registry and Community Supervision For Life and that's pursuant to Count 1, this will run concurrently or together with Count 1 [and] your Maury County sentence. Do you have any questions for the Court, sir?

Petitioner:    No, ma'am.

The trial court accepted Petitioner's plea and entered judgments reflecting the terms of the negotiated plea agreement. The special conditions box on the judgment for count one provided that Petitioner was "subject to the sex offender registry and community supervision for life." The special conditions box on the original judgment for count two noted that Petitioner was "subject to [the] sex offender registry & community supervision for *life concurrent w/Count 1*." (emphasis added). The judgments were entered on the same day of the plea, March 9, 2018. No appeal was taken, and the judgments became final on April 8, 2018.

It is undisputed that no post-conviction petition was filed in the one-year period after the judgments became final. Petitioner instead filed several motions in an attempt to suspend or reduce his sentence. According to his petition and amended petition, on November 25, 2019, Petitioner filed a pro se motion to reduce the remainder of his sentence after having served two years on his ten-year sentence on the grounds that he "completed five classes" and was noted for "good behavior" in a "drug and alcohol program." That motion was denied on December 2, 2019. Next, Petitioner filed a pro se motion to suspend the sentence on or about April 13, 2020. Not much is known about the substance of this

motion other than that it was denied.  Neither motion nor orders denying the motions are in the record.  Petitioner did not appeal the denial of either motion.

Undeterred, on or about October 27, 2020, Petitioner filed a motion to correct an illegal sentence alleging that the community supervision for life requirement on count two rendered both sentences illegal.  The motion to correct an illegal sentence and the order addressing the motion are not in the record.  However, in the attachment to Petitioner's pro se post-conviction petition, Petitioner explained that had he known community supervision for life did not apply to sexual battery, he would not have pled guilty to the charges, but would have proceeded to trial.  The trial court addressed the motion by entering an amended judgment on count two removing the language regarding community supervision for life.  Accordingly, in the special conditions box of the amended judgment is the notation that Petitioner was subject to the sex offender registry only.  The amended judgment for count two is in the record and shows an entry date of November 24, 2020.

Petitioner subsequently filed a pro se post-conviction petition on August 16, 2021, alleging that his guilty pleas were involuntary and unknowing and that he received ineffective assistance of counsel.  Appointed counsel thereafter filed an amended petition alleging ineffective assistance of counsel due to trial counsel's failure to advise Petitioner that he would be subject to lifetime community supervision before he pled guilty to the rape charge and that the rape charge carries a 100 percent service on any jail time.  He also alleged that trial counsel failed to provide him copies of the plea paperwork "in a timely manner."

Anticipating a timeliness argument from the State, Petitioner asserted that the original petition was timely because it was filed within one year of the entry of the amended judgment in count two.  He alleged that the plea documents were "blank" when he signed them and that he relied on the "verbal representations" of trial counsel regarding the terms of the plea agreement and any collateral consequences.  He alleged further that he first learned that he was subject to the community supervision for life "sometime after" his motion to suspend his sentence was denied which prompted his filing the motion to correct an illegal sentence.  Because the amended judgment on count two corrected an illegality in the sentence – the removal of the community lifetime supervision requirement on the judgment for sexual battery – Petitioner claimed that the amended judgment reset the time for him to file a post-conviction petition to November 24, 2021.

Alternatively, Petitioner argued that the statute of limitations should be tolled because he was "diligent in pursuing relief in this case and ha[d] been an effective advocate for himself" and that but for trial counsel's delay in sending him his file and advising him that he would be subject to community supervision for life, he would have filed a timely post-conviction petition.

- 6 -

The State filed a motion to dismiss the petition on the grounds that it was time-barred. The State acknowledged that an amended judgment was entered but only to correct a clerical error on count two, which in no way altered the sentence or added "a more strenuous provision of punishment." The State also argued that the statute of limitations should not be tolled because Petitioner was well-aware that he would be subject to lifetime community supervision when he entered his plea.

In a written order, the post-conviction court held that the amended judgment on count two did not restart the limitations period for Petitioner to file a petition because the amended judgment simply corrected a clerical error:

> Petitioner argues that "an amended judgment that corrects an illegal sentence, or adds a more strenuous provision of punishment, resets the statute of limitations for filing a post-conviction petition." However, the amended judgment in the instant case did not "add a more strenuous provision of punishment." To the contrary, the amendment removed the Sex Offender Registry and Community Supervision for Life requirement from Count II and replaced it with "subject to sex offender registry." Moreover, the amended judgment as to Count II in this case did not "correct an illegal sentence." The original judgment as to Count II had a notation in the "special conditions" box that Petitioner would be "subject to sex offender registry & community supervision for life concurrent w/ Count I." Although not artfully worded, this notation is not an illegal sentence. The amended judgment merely clarified that Petitioner would be subject to the sex offender registry as to Count II. The judgment for Count I was never changed.

(Internal citation omitted). In addition, the post-conviction court held that the limitations period should not be tolled on due process grounds because Petitioner knew that on count one, he was required to serve the ten-year sentence at 100 percent and was subject to community supervision for life at the time he entered his plea. Petitioner, therefore "did not need the judgment sheet from his lawyer." The post-conviction court dismissed the petition as time-barred and this timely appeal followed.

**Analysis**

On appeal, Petitioner maintains that his petition was timely filed because entry of the amended judgment in count two restarted the time to file a timely post-conviction petition. Alternatively, Petitioner contends the post-conviction court erred by dismissing the petition without a hearing on the issue of due process tolling. The State argues that the amended judgment did not restart the limitations period because it corrected a clerical error and did not impose a more onerous punishment. As to Petitioner's alternative argument,

the State contends that Petitioner is not entitled to a hearing on the issue of due process tolling. We agree with the State.

This court reviews a post-conviction court's summary dismissal of a post-conviction petition de novo. *See Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002). Post-conviction relief is warranted only when a petitioner establishes that his conviction or sentence is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103. A petitioner seeking post-conviction relief must file a petition within one-year of "the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, one (1) year from the date on which the judgment became final or consideration of the petition shall be barred." *Id.* § 40-30-102(a). "[A] judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence." *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003). "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." T.C.A. § 40-30-102(a).

The entry of an amended judgment may reset the one-year statute of limitations period for filing a post-conviction petition when the amended judgment corrects "an illegal sentence in the original judgment by imposing a new, more punitive sentence[.]" *State v. Alejandro Avila-Salazar*, No. M2019-01143-CCA-R3-PC, 2020 WL 241605, at *5 (Tenn. Crim. App. Jan. 15, 2020); *see also Steven Padgett King v. State*, No. M2017-00058-CCA-R3-PC, 2017 WL 3741408, at *1-2 (Tenn. Crim. App. Aug. 30, 2017) (one-year post-conviction limitations period began to run upon the entry of an amended judgment to reflect imposition of community supervision for life); *Dennis J. Rountree v. State*, No. M2008-02527-CCA-R3-PC, 2009 WL 3163132, at *1 (Tenn. Crim. App. Oct. 2, 2009) (holding that a change to a judgment to include mandatory community supervision was not merely correction of a clerical error, but instead resulted in an illegal sentence; because the corrected judgment changed the sentence in a unforeseen manner, the defendant was entitled to file a post-conviction petition within one year of the corrected judgment); *Manny T. Anderson v. State*, No. M2002-00641-CCA-R3-PC, 2003 WL 2002092, at *4 (Tenn. Crim. App. April 30, 2003) (the one-year post-conviction limitations period began to run upon the entry of an amended judgment modifying the release eligibility date from 30 percent to 100 percent).

"While it is true that the one-year statute of limitations for post-conviction relief begins anew from the entry of an amended judgment, in such a case, the issues that may be raised are limited to and stem from the amendment." *Arturo Cardenas, Jr., v. State*, No. M2019-00899-CCA-R3-HC, 2020 WL 5615110, at *4 (Tenn. Crim. App. June 10, 2020) *no perm. app. filed*; *see also Montez Adams v. State*, No. W2020-00885-CCA-R3-PC, 2021 WL 2579865, at *3 (Tenn. Crim. App. June 23, 2021) (statute of limitations for post-

conviction relief for felony murder conviction was not reset by an amendment to a completely separate jury conviction), *perm. app. denied* (Tenn. Sept. 22, 2021).

On the other hand, the correction of a clerical error under Rule 36 "does not extend the statutory period for filing a petition for post-conviction relief." *Kenneth J. Hall v. State*, No. 03C01-9609-CR-00342, 1998 WL 208080, at *2 (Tenn. Crim. App. Apr. 15, 1998). "Where a trial court fails, by reason of clerical mistake, oversight, or omission, to record a defendant's sentence accurately on a judgment, the trial court maintains the power to correct the clerical error under Rule 36." *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015). Unlike a fatal error, a clerical error is one arising "'from a clerical mistake in filling out the uniform judgment document' and may be corrected at any time under Tennessee Rule of Criminal Procedure 36." *State v. Wooden,* 478 S.W.3d 585, 595 (Tenn. 2015). Accordingly, the limitations period for post-conviction relief is not extended when a judgment is corrected to accurately reflect the plea agreement. *Alan Hall v. State*, No. E2000-01522-CCA-R3-PC, 2001 WL 543426, at *3 (Tenn. Crim. App. May 23, 2001).

A post-conviction court lacks jurisdiction to consider an untimely petition unless it satisfies an exception under Tennessee Code Annotated section 40-30-102(a). None of the three statutory exceptions apply in this case. Petitioner argues instead that due process requires tolling of the statute of limitations. Due process may toll the statute of limitations upon a showing "(1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Bush v. State*, 428 S.W.3d 1, 22 (Tenn. 2014) (citing *Whitehead v. State,* 402 S.W.3d 615, 631 (Tenn. 2013). To pursue one's rights diligently "'does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts [to pursue his or her claim].'" *Id.* (quoting *Whitehead*, 402 S.W.3d at 631). However, due process tolling "'must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Id.* (quoting *Whitehead*, 402 S.W.3d at 631-32). Because issues of due process tolling present mixed questions of law and fact, our review of such issues remain de novo. *Whitehead*, 402 S.W.3d at 621.

Petitioner argues that entry of the amended judgment on count two triggered the starting date for filing a timely post-conviction petition because the November 24, 2020 amended judgment corrected an illegal sentence. By this metric, he contends he had until November 24, 2021, to file a post-conviction petition. In making this argument, he relies heavily on *Steven Padgett King.* In *King,* Petitioner pleaded guilty to especially aggravated kidnapping and aggravated rape. 2017 WL 3741408, at *1. The judgment forms did not reflect the community supervision for life requirement that attaches to an aggravated rape conviction by operation of law. *Id.* Accordingly, the trial court entered an order amending

the judgments to reflect the lifetime community supervision requirement. *Id.* The petitioner then filed a post-conviction petition alleging that his plea was not knowingly nor intelligently entered because the original judgment was amended to include a punitive element that he did not agree to when he originally accepted his plea twelve years prior. *Id.* This court agreed and held that the entry of the amended judgments reset the one-year statute of limitations for post-conviction claims because they imposed a punitive element that was not part of the original plea. *Id.* at *1-2. Because the petitioner filed his post-conviction petition less than one year after the amended judgments were entered, his petition was timely filed. *Id.* at *2.

Unlike *King,* Petitioner was well-informed that he was subject to the lifetime community supervision requirement on the rape charge in count one at the time he accepted his plea on March 9, 2018. The plea petition and the plea colloquy transcript unequivocally demonstrate Petitioner's understanding of the requirement of being subject to lifetime community supervision on the rape conviction. While the community supervision for life provision does not apply to sexual battery, it does apply to convictions for rape. *See* T.C.A. § 39-13-524(a)(1). Accordingly, the trial court removed the language regarding community supervision for life from the judgment on count two. However, the amendment in no way altered Petitioner's sentence. The judgment in count one was unaffected by the amendment and Petitioner remains subject to the lifetime community supervision requirement due to the rape conviction. Therefore, the amended judgment on count two did not impose a harsher penalty or include a punitive element unknown to Petitioner at the time of his plea. Here, the trial court corrected the original judgment to accurately reflect the terms of the plea agreement. *Kenneth J. Hall*, 1998 WL 208080, at *2. Moreover, had the amended judgment reset the time for filing, any issue regarding count one is beyond the scope of the amendment. *Arturo Cardenas*, 2020 WL 5615110, at *4. Petitioner cannot use the amendment of count two to challenge the lifetime community supervision requirement of count one. Based on the circumstances of this case, the amended judgment did not trigger the one-year post-conviction limitations period.

Given that Petitioner did not appeal his sentence, the one-year time limit began running on the date the judgments became final, April 8, 2018. *See Green*, 106 S.W.3d at 650. Because Petitioner did not file the petition until August 16, 2021, his petition for post-conviction relief was untimely filed and properly dismissed as time-barred.

Petitioner does not claim that any of the three statutory exceptions of Tennessee Code Annotated section 40-30-102(b) apply to his case. He relies instead on due process considerations to toll the statute of limitations. As grounds for tolling, the Petitioner contends that he has been diligently pursuing appellate remedies and was denied the opportunity to file a timely post-conviction petition due to trial counsel's delay in providing him copies of the judgments. He alleges that he first learned of the community supervision

for life requirement "sometime after" his motion to suspend his sentence was denied. He filed his motion to suspend on April 13, 2020, and before he filed his motion to correct an illegal sentence on October 22, 2020. However, in both his amended petition and his brief, Petitioner reveals that he requested a copy of the judgments from the trial court clerk's office as early as May 13, 2019. He does not otherwise state when he received the case file from trial counsel.

As determined by the post-conviction court, the "crux" of Petitioner's due process claim is that he was unaware of the lifetime community supervision requirement until he saw the judgments. While we review issues of due process tolling de novo, we defer to the post-conviction court's factual findings especially in a case such as this where the post-conviction judge was also the trial judge who accepted Petitioner's guilty plea and observed Petitioner testify at the plea colloquy. In rejecting Petitioner's argument, the post-conviction court made the following factual findings regarding Petitioner's plea:

> [T]he crux of Petitioner's argument is that he was unaware of the Sex Offender Registry and Community Supervision for Life requirements of his sentence and he was unaware that he would be required to serve the ten-year sentence in Count I at 100 [percent]. But, Petitioner knew at the time of his plea hearing that he would be subject to the Sex Offender Registry and Community Supervision for Life and that Count I was to be served at 100 [percent]. Again, both the Court and the prosecutor discussed these issues during the plea hearing. Also, Petitioner signed the plea agreement that stated these very facts. Petitioner informed the Court at the plea hearing that he had agreed to this sentence. The fact that his lawyer did not timely send him a copy of the judgment sheets and he had to obtain them on his own from the Clerk's office is irrelevant.

The record does not preponderate against the post-conviction court's factual findings. As stated previously and as found by the post-conviction court, Petitioner knew that he would be subject to community supervision for life because of his rape conviction in count one. At the plea colloquy, the trial court informed Petitioner of the requirement at least twice. Likewise, the prosecutor stated on the record that Petitioner would be subject to the sex offender registry and community supervision for life for his guilty plea in count one, and the sex offender registry for his guilty plea in count two. Furthermore, the negotiated plea agreement reflects the same terms on each count. Petitioner affirmed under oath that he understood this requirement and chose to plead guilty to rape and sexual battery as negotiated in the plea agreement.

Accordingly, the "extraordinary circumstance" Petitioner alleges – trial counsel's delay in sending him his file with the judgments and failure to advise him of the lifetime

community supervision requirement – did not bar him from filing a timely post-conviction petition because he was aware of the requirement on the day he entered his plea on March 9, 2018. For the same reason, Petitioner was not diligent in pursuing his rights. Any delay in receiving his case file from trial counsel did not prevent Petitioner from filing several motions in the case. The record shows that instead of seeking post-conviction relief, Petitioner filed a motion to reduce his sentence (November 25, 2019), a motion to suspend his sentence (April 13, 2020), and a motion to correct an illegal sentence (October 27, 2020), all before he filed a post-conviction petition on August 16, 2021. Based on the record before us, Petitioner is not entitled to equitable tolling of the one-year statute of limitations.

Lastly, the facts here do not justify a remand for a hearing to determine due process tolling. Petitioner has failed to establish that he was prevented from filing a timely post-conviction petition due to trial counsel's delay in sending him his case file. He understood he was subject to the lifetime community supervision requirement when he entered his plea. *Cf. Williams v. State,* 44 S.W.3d 464, 471 (Tenn. 2001) (remanding to the post-conviction court for a hearing to determine whether due process required the tolling of the statute of limitations where "the appellee might have been denied the opportunity to challenge his conviction in a timely manner through no fault of his own but because of the possible misrepresentation of his counsel"); *Robert Lewis Webb v. State*, No. W2013-01250-CCA-R3-PC, 2014 WL 4244028, at *5-7 (Tenn. Crim. App. Aug. 27, 2014) (petitioner's factual allegations regarding his mental incompetence warranted an evidentiary hearing).

Because the petition on its face is time-barred and no grounds support tolling of the limitations period under due process, the post-conviction court properly dismissed the petition without a due process hearing. Petitioner is not entitled to relief.

**Conclusion**

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
JILL BARTEE AYERS, JUDGE